1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LARRY J. HARDY,

                  Plaintiff,

v.

MENTAL HEALTH, et al.,

                  Defendants.

NO.  CV-08-195-JLQ

**ORDER DISMISSING
PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE**

      On July 18, 2008, the court ordered the Plaintiff to amend his Complaint on or before August 18, 2008 and warned the Plaintiff that his failure to do so and to otherwise comply with the order would result in the dismissal of his case without prejudice. The court also ordered the Plaintiff to cease filing miscellaneous documents containing evidentiary allegations, as the court may only rule upon matters brought in the form of a motion.  The Plaintiff was warned that future improperly filed miscellaneous documents would be stricken and could result in his being permanently enjoined from filing documents without seeking and obtaining leave of court.

      In response to the court's Order, on July 21, 2008 Plaintiff filed a "Motion to Start Case" informing the court that he had apparently not received a document pertaining to his IFP application and complaining about the handling of his case thus far.  On July 28, 2008, Plaintiff filed another miscellaneous document entitled "Evidence 12".  Thereafter, Plaintiff informed the court that he has been temporarily housed at Eastern State Hospital.  On September 9, 2008, Plaintiff filed four additional miscellaneous documents, including "Evidence 13", "Evidence 14" and "Evidence 15", which regard his detention at Eastern State Hospital.

ORDER - 1

The court has refrained from entering this Order for over one month, giving leniency to Plaintiff in light of his change in circumstances.  Yet, Plaintiff has entirely failed to comply with the July 18, 2008 Order directing him to amend his Complaint and he has twice violated the court's order to refrain from filing improper miscellaneous documents in the case. Moreover, Plaintiff's fifteen documents labeled "Evidence" fail to perform the essential functions of a complaint.   The leniency afforded to pro se litigants does not permit the court to serve as de facto counsel and re-write a deficient pleading in order to sustain an action.

In accordance with this court's July 18, 2008 Order and 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is **DISMISSED** in its entirety without prejudice.  All pending motions shall be terminated.

**IT IS SO ORDERED.**

The Clerk is hereby directed to enter this Order, **CLOSE THE FILE**, and furnish a copy to Mr. Hardy.

**DATED** this 23rd day of September, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE